## KIRKPATRICK *v.* HINKLE.

The reader is referred, for the points decided herein, to the opinion at length.

APPEAL from the *Carroll* Common Pleas.

HANNA, J.—*Hinkle* complained of the appellant, averring that he, together with *Patton* and *Patton,* executed a note to *Rice,* which was assigned by said *Rice* to the plaintiff; that the plaintiff sued on the same, before a Justice of the Peace in *Cass* county, and recovered a judgment against *Pattons,* who resided there, but not against *Kirkpatrick,* he being a resident of *Carroll* county; that execution had issued, and been returned no property, etc., as to *Pattons.* A copy of the note, as well as a transcript of the said proceedings and judgment, are made parts of the complaint.

Answer in four paragraphs: 1. Want of consideration for said note. 2. That plaintiff was not the owner, nor had

any interest, etc., in said note; setting out the facts relied on. 3. Setting up a former recovery on said note, based on the transcript filed by plaintiff. 4. Duress.

Demurrers were sustained to each of said paragraphs.

If the note is the foundation of this action, we think the first, second, and third paragraphs of the answer were well pleaded; although it is averred that there was no recovery against the defendant in the former suit, yet the transcript filed, and made a part of the complaint, shows a service upon all the defendants, and a judgment against all. There are no averments of fraud, etc., if any such could have been made, touching the recovery of said judgment. The simple statement in the complaint, therefore, that no judgment was recovered against the defendant in that proceeding, is thus overcome by the transcript, made a part of the complaint.

But the averment of the non-recovery of a judgment against the defendant has one effect: it shows that this suit was not intended to be upon that judgment, and consequently the ruling upon the demurrers was wrong.

The fourth paragraph is so uncertain and contradictory, as it appears in the record, that the demurrer was properly taken.

*Per Curiam.*—The judgment is reversed, with costs.

*J. Guthrie* and *J. R. Flynn*, for the appellant.